UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHELE HALL ) | |
| ) | |
| Plaintiff, ) | Civil No. 13-324 (RCL) |
| ) | |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Before the Court is the defendants' (Alice Lee, John Doe and the District of Columbia) Motion for Judgment on the Pleadings [25] pertaining to Counts I, II, III, IV, V, VI, IX, and X.[1] Plaintiff Michelle Hall filed a complaint alleging, *inter alia* numerous tort claims and a Section 1983 claim, 42 U.S.C. § 1983 (2012). Upon consideration of the defendants' Motion, the plaintiff's Opposition thereto [28], and the defendants' Reply [29], the Court will GRANT the defendants' Motion for the reasons stated below, except as to Count III against defendant Lee, as to which defendants' Motion is DENIED.[2]

I. BACKGROUND

Plaintiff, Michelle Hall, is a resident of the District of Columbia. On March 17, 2012, plaintiff celebrated her birthday at Cities Restaurant and Lounge ("Cities") in Washington, D.C. Compl. ¶ 15. Upon arrival, she was marked with an "X" for re-entry, and gave her credit card and driver's license to Cities employees as required, which the employees retained during the

---

[1] The moving parties are defendants Alice Lee, John Doe, and the District of Columbia. The Motion for Judgment on the Pleadings, therefore, can only address the Counts as applied against the moving parties.
[2] As a result, the following Counts remain pending: Count III against Alice Lee; Count IV against Seyhan Duru; Count V against Seyhan Duru; Count VI against Seyhan Duru and Cities, LLC; Count VII against Cities, LLC; and Count VIII against Cities, LLC and Seyhan Duru.

1

subsequent events on which this lawsuit is based. *Id.* ¶¶ 16–17. Some of plaintiff's friends arrived at Cities, but relocated to a restaurant across the street called "19th" in order to avoid the cover charge at Cities. *Id.* ¶ 18. Plaintiff left her belongings at Cities and went to 19th. *Id.* ¶ 19.

A few minutes after entering 19th, plaintiff went to the restroom at which time there occurred a knock on the door. *Id.* ¶¶ 20–21. After responding that the restroom was occupied, plaintiff heard another knock followed by the statement "it's the police." *Id.* ¶ 21. Plaintiff believed this to be a joke, and soon thereafter two Metropolitan Police Department officers—defendants Lee and Doe—broke down the door and handcuffed plaintiff. *Id.* ¶¶ 21–22. Plaintiff alleges that the officers "did not identify themselves and did not ask [p]laintiff to identify herself." *Id.* ¶ 23. Upon plaintiff's inquiry, defendant Lee told plaintiff that she was being arrested for "theft of services"—which plaintiff later alleges was a result of Seyhan Duru's, manager of Cities, call to the police. *Id.* ¶¶ 24 and 35. Plaintiff states that defendant Lee continued to tighten the handcuffs "to the point that Plaintiff lost feeling in her thumb and hand" and that defendant Lee maintained her firm grip of plaintiff's upper arm leaving a "full handprint bruise" even after plaintiff informed Lee that Lee was hurting her. *Id.* ¶ 26. Plaintiff was put into a parked police cruiser where she informed one of the police officers on the scene that her driver's license and credit card were still inside Cities. *Id.* ¶¶ 28–29. Plaintiff was released when she signed her credit card bill in the amount of $1,104.74, which had been brought to her by an officer. *Id.*

Following these events, plaintiff went to the hospital for X-rays on her hand, which showed that she had a broken right wrist and "palsy on her radial nerve." *Id.* ¶¶ 31–32. It is because of these injuries and other alleged injuries that plaintiff brings this suit. For the reasons stated below, defendants' Motion for Judgment on the Pleadings is GRANTED in part and

DENIED in part.[3]

## II. LEGAL STANDARDS

Because the plaintiff filed a motion for judgment on the pleadings pursuant to Rule 12(c) and not a motion to dismiss pursuant to Rule 12(b)(6), the legal standard and analysis applied herein pertain only to judgment on the pleadings. As explained below, however, the standard for Rule 12(c) motions and Rule 12(b)(6) motions are similar.

### A. Rule 12(c) Judgment on the Pleadings

Rule 12(c) allows any party to "move for judgment on the pleadings" after "the pleadings are closed." FED. R. CIV. P. 12(c). In this case, the pleadings consist of the complaint and answer. A Rule 12(c) motion, similar to a Rule 12(b)(6) motion, "should be granted only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Schuchart v. La Taberna Del Alabardero, Inc.*, 365 F.3d 33, 35 (D.C. Cir. 2004) (internal citation and quotations omitted).

In fact, the Rule 12(c) standard is substantially the same as the Rule 12(b)(6) standard. *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (D.C. Cir. 1987). This Court will dismiss a complaint, if it does not contain enough factual allegations to "state a claim that relief is plausible on its face." *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is "plausible on its face" when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (internal quotations omitted). A court considering such a motion to dismiss pursuant to this rule must accept all factual allegations in the complaint as true, *Bell Atl. Corp.*, 550 U.S. at 555 (2007), and must construe all factual allegations in the light most

---

[3] Counts I, II, IV, V, VI, IX, and X are dismissed as to defendants Lee, Doe, and the District of Columbia. Plaintiff's claim of battery in Count III against defendant Lee, survives defendants' Motion. *Infra* Part III.C.

favorable to the plaintiff, *Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C. Cir. 2004) (internal citations omitted).

III. DISCUSSION

### A. Plaintiff's Claims against the District of Columbia

To begin, Count VI in plaintiff's complaint alleges negligence against all defendants, including the District of Columbia. Plaintiff does not, however, allege any facts about the District of Columbia to give rise to an inference that it acted negligently. Plaintiff only asserts that the District of Columbia owed a duty, that the duty was breached, and that the breach caused plaintiff's injury. Compl. ¶¶ 64–66. The complaint contains no factual allegations concerning the District of Columbia alleging why the District owed a duty and how that duty was breached. Plaintiff does state in her complaint that the police officers were not disciplined for their "excessive and serious use of force." Compl. ¶ 37. This, however, is not enough. Plaintiff does not claim the District's duty to plaintiff was to discipline the officers, nor does plaintiff suggest that the failure to discipline the officers was a breach. Because of the complaint's lack of factual allegations against the District of Columbia, this Court GRANTS defendants' motion and dismisses all Counts of the complaint as to the District of Columbia.

### B. Counts I, IX, and X

Plaintiff alleges a Section 1983 claim against officers Doe and Lee in Count I of her complaint, pursuant to 42 U.S.C. § 1983 (2012). This Court dismisses Count I and finds that defendants Doe and Lee are protected by qualified immunity. A police officer is entitled to qualified immunity if a "reasonable officer could have believed that probable cause existed to arrest." *Hunter v. Bryant*, 501 U.S. 224, 228 (1991). Probable cause for the arrest exists if "at the moment the arrest was made . . . the facts and circumstances within [the officers'] knowledge

4

and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing" that the plaintiff violated the law. *Id.* (internal citations and quotations omitted); *see also Wesby v. District of Columbia*, 765 F.3d 13, 19 (D.C. Cir. 2014). Indeed, even an officer who "reasonably, but mistakenly, concludes that probable cause is present" is entitled to immunity. *Hunter*, 501 U.S. at 227.

At the time that officers Doe and Lee arrested plaintiff, they possessed information that plaintiff had opened a credit card tab at Cities and that she had left Cities without paying her tab. Armed with this information, officers Doe and Lee could reasonably and prudently conclude that plaintiff had violated the law. Even if they were mistaken, they acted under an objectively reasonable belief that the arrest was lawful. Therefore, this Court dismisses Count I of plaintiff's complaint because officers Doe and Lee had probable cause to arrest plaintiff, which affords them qualified immunity.

Counts IX and X, alleging false arrest and false imprisonment are also dismissed due to the existence of probable cause as stated above. The critical question in actions for false arrest and false imprisonment is "whether the officer was justified in arresting the plaintiff." *Rogala v. District of Columbia*, 161 F.3d 44, 57 (D.C. Cir. 1998) (internal citations omitted); *see also Gabrou v. May Dept. Stores Co.*, 462 A.2d 1102, 1104 (D.C. Cir. 1983) ("Probable cause for an arrest and detention constitutes a valid defense to a claim of false arrest or imprisonment.") (internal citations omitted). An officer is justified to take such actions by showing that probable cause existed to believe plaintiff committed a crime. *Rogala*, 161 F.3d at 57. Because officers Doe and Lee had probable cause to effectuate the arrest based on the information reasonably available, the arrest and temporary imprisonment—that is, the time plaintiff was handcuffed and confined in the police cruiser—were privileged in a manner similar to qualified immunity.

Essentially, the existence of probable cause makes the arrest and imprisonment no longer "false," but rather makes them legally performed actions.

### C. Counts II and III

Counts II and III, allege common law assault and battery. As noted above, officers Doe and Lee had probable cause to arrest plaintiff, which allows the use of reasonable force to maintain an arrest. *Gabrou v. May Dept. Stores Co.*, 462 A.2d 1102, 1104 (D.C. Cir. 1983). "[A] claim for assault and battery may be established if excessive force was used to maintain the arrest." *Jackson v. District of Columbia*, 412 A.2d 948, 955 (D.C. Cir. 1980). The inquiry becomes, taking the alleged facts as true, whether a reasonable jury could conclude that clearly excessive force was used during the arrest. *Id.* at 956 (internal citations and quotations omitted).

This Court finds that, taking plaintiff's allegations that she sustained a broken wrist as true, officer Alice Lee did not use reasonable force in effectuating the arrest of plaintiff. The allegation of sustaining a broken wrist during the arrest is such that a reasonable jury could conclude that officer Lee used excessive force during the arrest. Defendant Lee does not address in her motion plaintiff's assertions that plaintiff's wrist was broken during the arrest. This Court DENIES defendants' motion as it pertains to Count III.

Plaintiff's allegations, however, are not enough to plead that officers Doe and Lee used excessive threats of force to constitute assault during the arrest. No factual statements in plaintiff's complaint suggest that the officers made any threats of harm which were objectively unreasonable. The officers' goal was to sustain the movements of someone they reasonably believed committed a crime, and who did not open the door to the restroom after the officers identified themselves as police. This Court dismisses Count II of the complaint.

### D. Count IV

In Count IV, plaintiff alleges that the officers are liable for intentional infliction of emotional distress. Plaintiff must allege that the officers' engaged in "extreme and outrageous conduct," which intentionally or recklessly caused the plaintiff to suffer "severe emotional distress." *Kassem v. Washington Hosp. Center*, 513 F.3d 251, 255 (D.C. Cir. 2008). Plaintiff asserts this burden is met because defendants "falsely arrest[ed] a young female, without probable cause at all, and in the process slamming that woman, who was not resisting in any way, against a wall, and handcuffing her so tightly that her wrist [was] fractured . . . ." Pl.'s Oppostion at 9. Because defendants had probable cause and because there was no false arrest, defendants' conduct was not so "extreme and outrageous" such that it "[goes] beyond all possible bounds of decency, and [could] be regarded as atrocious, and utterly intolerable in a civilized community." *Homan v. Goyal*, 711 A.2d 812, 818 (D.C. Cir. 1998) (internal citations and quotations omitted). This Court dismisses Count IV of plaintiff's complaint as to officers Lee and Doe.

### E. Counts V and VI

Plaintiff alleges negligence and negligent infliction of emotional distress in Counts V and VI of her complaint. Essentially, plaintiff alleges that defendants owed plaintiff a duty, and that defendants breached that duty, which caused plaintiff injury. Compl. ¶¶ 64–66. These bare assertions are not enough to survive defendants' motion because they do not provide factual allegations to give rise to an inference of negligence. Rather, plaintiff's claims are merely conclusory statements that defendants acted negligently. Plaintiff must recognize this because she did not defend her negligence claims from defendants' motion in her Opposition, thus, this Court dismisses Counts V and VI as to

officers Lee and Doe.[4]

## IV. CONCLUSION

In sum, defendant's Motion for Judgment on the Pleadings is GRANTED as to Counts I, II, IV, V, VI, IX, and X. Defendants' Motion for Judgment on the Pleadings is DENIED as to Count III, the common law battery claim against defendant Alice Lee.

A separate Order consistent with this Memorandum Opinion shall issue this date.

Signed by Royce C. Lamberth, United States District Judge.

---

[4] Count VI is also dismissed as the District of Columbia as stated above. *See supra* Part 1.A.